A99A2397. KING v. THE STATE.
(528 SE2d 535)

JOHNSON, Chief Judge.

A jury found Billy King guilty of armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on each of the verdicts and denied King's motion for a new trial.

King challenges the aggravated assault conviction, arguing that it merged into the armed robbery conviction. He also claims that the

---

[11] Id. at 488.
[12] See *Stanley*, supra.

trial court gave an erroneous instruction on aggravated assault and erred in denying his motion for new trial based on ineffective assistance of counsel. We agree that the aggravated assault conviction merged into the armed robbery conviction and must be vacated because the aggravated assault was used to effectuate the robbery. We do not agree with King's claim that the legal assistance he received at trial was deficient or that, but for trial counsel's alleged errors, the outcome of the trial would have been different. Therefore, we affirm his convictions of armed robbery and possession of a firearm during the commission of a felony.

1. King correctly contends that the trial court erred in not merging his aggravated assault conviction into his armed robbery conviction. As acknowledged by the state, the aggravated assault conviction merged as a matter of fact into the armed robbery conviction.

The evidence, construed so as to support the verdicts, shows that King entered a liquor store, pointed a gun at the clerk's face, and told him to open the cash register. The clerk replied: "You must be kidding." King turned and fired a shot into the wall approximately four to five feet from where the clerk was sitting. The clerk then opened the cash register. King reached into the drawer, removed cash, and ran out of the store.

The only violence employed against the victim in this case was that which was used to effectuate the theft. Because the violence preceded the theft and was the means by which King secured the victim's compliance with his demand, the aggravated assault conviction merged with the armed robbery conviction. See *Jordan v. State*, 218 Ga. App. 679, 680 (2) (462 SE2d 801) (1995); *Smith v. State*, 193 Ga. App. 208, 209 (1) (387 SE2d 419) (1989); *Moreland v. State*, 183 Ga. App. 113, 114-115 (1) (358 SE2d 276) (1987). Therefore, the aggravated assault conviction is vacated. *Smith*, supra.

2. Based on our holding in Division 1, King's claim of error regarding the trial court's instruction on aggravated assault is rendered moot.

3. King claims his trial counsel provided ineffective assistance because he failed to make an opening statement or a closing argument and failed to object to hearsay testimony from police officers. This claim presents no grounds for reversal.

In order to establish ineffectiveness of trial counsel, King must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Smith v. State*, 234 Ga. App. 586, 588 (1) (506 SE2d 406) (1998). There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. Id. Matters of tactics and strategy, whether wise or unwise, do not amount to ineffective assis-

tance of counsel. Id. at 589 (1) (a); *Berry v. State*, 267 Ga. 476, 482 (4) (i) (480 SE2d 32) (1997).

(a) Trial counsel's decision to waive opening statement is considered a matter of trial strategy and does not amount to ineffective assistance. *Tenant v. State*, 218 Ga. App. 620, 622 (4) (a) (462 SE2d 783) (1995).

(b) Contrary to King's contention, trial counsel did make a closing argument, and it is a part of the transcript. That another attorney might have argued the case differently does not show ineffectiveness. See generally *Ranalli v. State*, 197 Ga. App. 360, 365 (5) (398 SE2d 420) (1990). We find no reasonable probability that the outcome of the trial would have been different if trial counsel had made a different closing argument. See generally *McCord v. State*, 268 Ga. 842, 845 (8) (493 SE2d 129) (1997).

(c) As for King's claim of error regarding trial counsel's alleged failure to object to testimony of police officers, it is not supported by any argument or citation to authority. It is therefore deemed abandoned. See Court of Appeals Rule 27 (c); *Parker v. State*, 220 Ga. App. 303, 310 (6) (469 SE2d 410) (1996).

(d) In sum, King was not entitled to a new trial on the basis of ineffective assistance of counsel. See *Smith*, 234 Ga. App. at 589 (1) (b).

4. For the foregoing reasons, King's convictions and sentences for armed robbery and possession of a firearm during the commission of a felony are affirmed, while his conviction and sentence for aggravated assault are vacated.

*Judgments of conviction affirmed as to armed robbery and possession of a firearm during the commission of a felony. Judgment of conviction vacated as to aggravated assault. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 20, 2000.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.

