A00A0669. ARRINGTON v. THE STATE.
(536 SE2d 212)

BLACKBURN, Presiding Judge.

Tyrone Arrington appeals his convictions for armed robbery, aggravated battery, and aggravated assault, contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Arrington] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewing the evidence in this light, the record reveals that Joe

---

[16] Id.

Perdue testified that, in the early morning hours of March 25, 1998, he was walking toward his apartment when he noticed a white Cutlass with tinted windows. As he passed by the vehicle, one of the occupants opened the passenger's side door, causing the overhead light to illuminate the interior. At that time, Perdue saw Arrington sitting in the backseat of the car behind the driver. Shortly thereafter, two men sitting on the passenger's side of the car followed Perdue to the door of his apartment, robbed him, and shot him in both of his thighs. Perdue identified Clifford Belmar, one of Arrington's co-defendants, as one of the men who shot him.

Another of Arrington's co-defendants, Antonio Thomas, who had previously pled guilty, testified that Arrington was privy to the plan to rob and shoot Perdue well before the crime was committed. Arrington wanted to run Perdue out of the apartment complex so that he could have a monopoly on marijuana sales there. According to Thomas, Arrington drove the car to the scene of the crime, and Belmar and Chauncey Brantley, an unindicted suspect, shot Perdue. Thomas further testified that, after the robbery, Arrington opined that they should have killed Perdue to prevent him from identifying them.

Eric Heard, a friend of Arrington and Belmar, testified that Arrington visited him while he was in jail for a probation violation and discussed his involvement in the shooting at that time. During this visit, Arrington told Heard that Thomas shot Perdue. Heard later retracted his testimony, however, indicating that he had made up facts in order to get assistance from the State in his probation revocation proceedings.

Dorian Nassau, a compatriot of Heard, testified that, during a three-way call at the jail, he heard Arrington describing the shooting to an unidentified woman. During this conversation, Arrington admitted that he had been in the backseat of the Cutlass when Perdue was shot.

Brantley, who was not indicted in this case, made a statement to police after his arrest that he was present when Arrington planned the robbery with his co-defendants. Brantley further stated that Arrington and the others then left, committed the robbery, and returned to the home of Brantley's girlfriend.

A participant to a crime may be convicted although he is not the person who directly commits the crime. OCGA § 16-2-20. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels[,] or procures another to commit the crime may be convicted of the crime as a party to the crime. Mere presence at the scene is not sufficient to convict one of being

a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime. Whether [Arrington] was a party to the crime and aided and abetted [his co-defendants] in the [crimes for which he was indicted] or intentionally advised, encouraged, or counseled [his co-defendants] to commit the crimes was a question for the jury.

(Citations omitted.) *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997).

In this case, there was sufficient evidence to show that Arrington aided, abetted, advised, and counseled his co-defendants in the commission of the crimes against Perdue. It makes no difference that Arrington was not the one who shot Perdue, as the State only needed to prove that Arrington was acting in concert with the others. See, e.g., *Ford v. State*, 163 Ga. App. 745, 746-747 (296 SE2d 85) (1982) (" 'Once [a] common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates, would, in legal contemplation, be the act of each of them.' [Cits.]").

The fact that [Arrington's co-defendants] may have given contradictory, or even biased, testimony regarding [Arrington's] role in the armed robbery does not change our result. "Although the co-defendants each tried to appear less culpable than the other and in so doing disagreed on many points, their testimony with regard to [Arrington's] aid to them was sufficiently corroborative to establish that [Arrington] was a party to the [crimes committed]." *Allen v. State*, 224 Ga. App. 324, 325 (3) (480 SE2d 328) (1997). . . . Moreover, "(t)he weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness(,) for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict." . . . *Norris v. State*, 220 Ga. App. 87, 88 (1) (469 SE2d 214) (1996).

*Culberson v. State*, 236 Ga. App. 482, 484-485 (512 SE2d 367) (1999). Thus, for all of the foregoing reasons, the evidence in this case

was sufficient to support Arrington's convictions. *Jackson*, supra.
*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JUNE 21, 2000.

*Virginia W. Tinkler*, for appellant.
*J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Sheila
A. Connors, Assistant District Attorneys*, for appellee.