## A06A1244. KIRKLAND v. THE STATE.
### (638 SE2d 784)

SMITH, Presiding Judge.

Rashad Kirkland was indicted on charges of aggravated assault, attempted sale of cocaine, fleeing or attempting to elude, and reckless driving. A jury acquitted him on the drug charge and found him guilty of the remaining charges. His amended motion for new trial was denied, and he appeals, challenging only his conviction for aggravated assault. Kirkland contends that the evidence presented at trial was insufficient to support his conviction for aggravated assault, that the trial court failed to correct the false impression given to the jury that he could be found guilty of aggravated assault based only on a finding that he drove recklessly, and that the trial court failed to instruct the jurors that to convict Kirkland of aggravated assault they must find that he intended to cause harm to the victim. We disagree and affirm.

Construed to support the jury's verdict, the evidence presented at trial showed that Kenya Green was arrested for delivering marijuana to a motel room. After being arrested, Green convinced the officers that Kirkland was an active drug dealer who dealt in cocaine.[1] In return for a lighter sentence, Green offered to participate in a controlled buy from Kirkland. The officers agreed and arranged a controlled buy at a local car wash.

At least two officers were stationed on the car wash property in an unmarked car, and two backup officers hid on adjoining property behind a stack of tires. Other officers were parked along the road near the car wash. Green left the car wash just before Kirkland arrived. When Kirkland drove up, instead of parking his car, he backed up and then pulled out of the car wash "as if he knew something was fixing to happen that he didn't want to stick around."

---

[1] Green was later called to testify by the defense, and he testified that, in truth, he himself was a drug dealer, that Kirkland was not, and that he set Kirkland up simply to save himself from harsher treatment.

The evidence was in conflict regarding what transpired after that. According to the officers, Screven County deputy Cedric Rhodes and Sylvania police officer Tony Taylor partially blocked Kirkland's exit. Rhodes testified that he shouted at Kirkland, identifying himself as a sheriff's deputy. He then left his unmarked vehicle, drew his pistol, approached Kirkland's car with his gun drawn, and reached for Kirkland. As he reached into Kirkland's car with his left arm, somehow his arm became entangled with something in the car. His gun discharged, and the bullet shattered the left rear window of Kirkland's car and struck Kirkland. Rhodes testified that he was dragged alongside the car, stumbling and falling, and that he feared for his life. Rhodes's arm became disengaged shortly thereafter, and he escaped without serious injury, sustaining only strained shoulder muscles and a few scrapes.

Other officers were unable to see the shooting from their positions. Kirkland did not take the stand, but according to a defense witness who was on the premises washing her car at the time of the incident, Rhodes did not identify himself as a law enforcement officer, and he was "about three or four feet away from" Kirkland's car when he fired his gun.

It is undisputed that although Kirkland was wounded, he drove quickly to his parents' home a short distance away, where he was arrested before being taken to the hospital. No cocaine was found on Kirkland's person or in his room at his parents' home.

Kirkland raises three related enumerations of error.

1. Kirkland first maintains that the evidence presented at trial was insufficient to prove him guilty of aggravated assault because the jury was misled into believing "that the defendant could be found guilty of aggravated assault without proof beyond a reasonable doubt that he intended to injure the alleged victim." We do not agree.

> Aggravated assault requires proof of certain aggravating circumstances and an assault. OCGA § 16-5-21. Assault requires showing either that the defendant attempted to injure someone, OCGA § 16-5-20 (a) (1), or that the victim was in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a) (2). See *Dunagan v. State*, 269 Ga. 590, 591 (2) (502 SE2d 726) (1998).

*Montford v. State*, 254 Ga. App. 524, 525 (1) (564 SE2d 216) (2002). The Georgia Supreme Court has declared that OCGA § 16-5-20 (a) (1) requires a specific criminal intent to injure. See *Dunagan*, supra at 591-592 (2). Subsection (a) (2) of the statute, on the other hand, is based upon the reaction of the victim. It requires "only the criminal intent to commit the acts which caused the victim to be reasonably

apprehensive of receiving a violent injury, not any underlying intent of the accused in assaulting the victim." (Citations and punctuation omitted.) *Jackson v. State*, 276 Ga. 408, 412, n. 5 (577 SE2d 570) (2003); see *Flores v. State*, 277 Ga. 780, 784 (3) (596 SE2d 114) (2004).

Unlike the defendant in *Montford*, supra, who argued that the State had failed to show the necessary elements of either subsection (a) (1) or subsection (a) (2), Kirkland argues only that the State failed to show that he attempted or intended to injure Deputy Rhodes, or anyone else. We agree with Kirkland that the State failed to show a specific criminal intent to injure, as required under subsection (a) (1). But here,

> the intent to injure is not an element of the charged offense. The crime of aggravated assault, as alleged, is established by the reasonable apprehension of harm by the victim of an assault . . . rather than the assailant's intent to injure. All that is required is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension.

(Citations omitted.) *Smith v. State*, 280 Ga. 490, 491-492 (1) (629 SE2d 816) (2006). The State showed through the testimony of Officer Rhodes that he had an apprehension, reasonable under the circumstances, of immediately receiving a violent injury. The elements of assault were therefore proved.

Use of a deadly weapon constitutes one of the "aggravating circumstances" necessary for aggravated assault, OCGA § 16-5-21 (a) (2), and no question exists that an automobile can be a "deadly weapon." Rhodes testified that he was in fear for his life when he was dragged along by Kirkland's car as Kirkland drove quickly out of the car wash. That apprehension was reasonable under the circumstances, and Rhodes's testimony, if believed, together with a finding that Kirkland intended to drive rapidly out of the car wash, was sufficient to authorize the jury to find Kirkland guilty of aggravated assault as charged in the indictment. *Durrance v. State*, 250 Ga. App. 185, 186-187 (2) (549 SE2d 406) (2001). Kirkland's argument that the evidence was insufficient to authorize the jury to find him guilty of aggravated assault therefore is without merit.

2. Kirkland asserts that at most the evidence showed that he was driving recklessly, and reckless conduct may be a lesser included offense of aggravated assault. *Bowers v. State*, 177 Ga. App. 36, 39 (338 SE2d 457) (1985). He argues that the trial court "failed in any of its three separate opportunities to instruct the jury" properly. Even assuming that Kirkland's assertion is true and that reckless conduct was a lesser included offense in this case, the record does not include

a written request to charge on reckless conduct as a lesser included offense. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." (Citation, punctuation and footnote omitted.) *Morales v. State*, 281 Ga. App. 18, 19 (2) (635 SE2d 325) (2006).

3. Kirkland maintains that the language of the indictment left the jury with the impression that a conviction for aggravated assault could be based upon a finding that he was driving recklessly from the scene of his attempted arrest. He argues that the trial court "failed to correct" this false impression in its charge to the jury, and that the false impression was further strengthened by the State in its closing argument, when it argued to the jury that Kirkland could be found guilty of aggravated assault with a deadly weapon if it found that he was criminally negligent in his attempt to get away.

The Georgia Supreme Court "has clearly recognized that an assault under OCGA § 16-5-20 (a) (2) does not require that a defendant act with criminal intent in regard *to the victim.*" (Emphasis supplied.) *Flores*, supra at 784 (3). But as we noted in Division 1, it does require an intentional act. The intent required is the intent *to* commit the act or acts that caused the victim to have a reasonable apprehension of immediately receiving a violent injury. *Jackson*, supra at 412, n. 5.

While the jury may have had some difficulty with regard to the offense of aggravated assault, the charge on aggravated assault given by the trial court three times was a completely correct statement of the law. In closing argument, the prosecutor mentioned "criminal negligence" briefly. Contrary to Kirkland's argument, however, the prosecutor did not tell the jury it could find Kirkland guilty if it "found he was negligent or reckless in the way he drove." More importantly, Kirkland failed to object to this argument when made. "A defendant's failure to object to the State's closing argument waives his right to rely on the alleged impropriety of that argument as a basis for reversal." (Citation and punctuation omitted.) *Wilder v. State*, 243 Ga. App. 807, 808 (3) (534 SE2d 487) (2000).

Citing *Bullard v. State*, 242 Ga. App. 843, 849 (9) (530 SE2d 265) (2000), Kirkland correctly points out that the standard for post-conviction review of a defective indictment is whether that defect was harmless error. But that standard is to be used in reviewing a motion in arrest of judgment, which must be made during the same term the judgment was entered. *State v. Hammons*, 252 Ga. App. 226, 229-230 (2) (a) (555 SE2d 890) (2001). Even if we considered this enumeration as a challenge to the indictment, Kirkland's failure to raise this challenge in a timely manner resulted in a waiver of the issue. Id. at 230. The Georgia Supreme Court has held that we may not consider appellant's motion for new trial "a viable procedural substitute for

motions in arrest of judgment. [Cit.]" *Abreu v. State*, 206 Ga. App. 361, 363 (2) (425 SE2d 331) (1992). This enumeration therefore also must fail.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 8, 2006.

*James K. Kidd*, for appellant.
*Richard A. Mallard, District Attorney*, for appellee.