## A08A2051. MACKEY v. THE STATE.
(675 SE2d 567)

SMITH, Presiding Judge.

Following a bench trial, Courtney Shirome Mackey appeals from his convictions for five counts of obstructing an officer, aggravated assault, reckless driving, driving with a suspended license, and two counts of interference with government property. Mackey contends that the police had no lawful right to arrest him, that insufficient evidence supports his aggravated assault conviction and one obstruction of an officer conviction,[1] and that a fatal variance existed with regard to the aggravated assault charge. We disagree and affirm.

Viewed in the light most favorable to the verdict, the record shows that three police officers (Miller, Lindsey, and Parrish) responded to a dispatch about a vehicle driving recklessly in a liquor store parking lot. The dispatch was later upgraded to "theft in progress" and then "armed robbery." When Officer Miller arrived at the scene, he saw Mackey "coming out of the [liquor store] at a high rate of speed" in a white SUV. Officer Lindsey also saw Mackey "leaving the parking lot at a high rate [of] speed [and] spinning." All of the officers were wearing uniforms and driving marked patrol cars with their blue lights activated when they encountered Mackey.

When Officer Miller tried to block Mackey from leaving the parking lot, he heard Mackey say, "Oh, sh*t," through the open driver's windows on both cars. Mackey "accelerated further" after seeing Officer Miller and hit the front of Officer Miller's patrol car before attempting to flee by driving in a culvert parallel to the road. Mackey attempted to maneuver out of the culvert and hit the side of Officer Lindsey's patrol car on his second attempt.

When Mackey came to a stop because the front of his SUV was pressed up against a road sign, Officer Lindsey and Officer Parrish got out of the patrol car they shared, pulled their weapons, and ordered Mackey to turn off his car and stop. Mackey "wouldn't comply" and "kept revving up the engine." At the same time the other officers were ordering Mackey to stop, Officer Miller parked behind Mackey to prevent him from backing up and getting away. He

---

[1] While Mackey asserts in his enumerations of error that all of his convictions are supported by insufficient evidence, the argument section of his brief specifically addresses only his aggravated assault conviction and one obstruction of an officer count. Because of this, we will address the sufficiency of the evidence with regard to only these convictions.

YALE LAW LIBRARY

then got out of his patrol car and stood in front of it. When Mackey started to back his SUV up the hill, Officer Lindsey "started screaming for him to stop," but Mackey "failed to comply." Officer Miller had to jump onto the hood of his patrol car to escape being hit by Mackey's SUV. Mackey came to a stop some six inches away from Officer Miller's patrol car only after Officer Lindsey fired a shot into one of the SUV's tires, disabling it. Officer Miller testified that he was frightened when he was almost pinned between the two cars.

After Mackey was arrested, Officer Connell transported him to the jail. When Officer Connell placed Mackey in a jail cell, Mackey told Officer Connell that he had to get out of the cell because he had had previous problems with another inmate. Officer Connell agreed to separate the two men, and while he was doing so, Mackey "came charging back there by me before I could stop him and attacked [the other inmate] with his handcuffs." Officer Connell testified that Mackey struggled with both him and Officer Guthrie before they could restrain him. Both officers were wearing their uniforms.

Mackey denied that he tried to avoid arrest in the liquor store parking lot, claiming instead that he was merely trying to avoid being hit by Officer Miller's patrol car. He explained that the ditch was "deep" and that when he tried to maneuver out of the ditch, one of the patrol cars hit him "to push me back in the ditch." He admitted that after that "everything went like Officer Miller said it did," but claimed that he did not know that Officer Miller was behind him when he backed out of the ditch. He asserted that he backed out of the ditch because he was worried his truck would flip over in the steep ditch. Finally, he contended that he only saw one police car, not two, during the chase.

1. Mackey contends the trial court "erred in allowing this case to proceed to trial as the police had no lawful right to arrest and the defendant was entitled to avoid unlawful arrest." Mackey argues that the police had no right to arrest him because "no charges arising from his conduct at the store were ever filed." We disagree. The police officers personally observed Mackey driving in a reckless manner when they first arrived at the scene. As a result, they were authorized to stop Mackey and arrest him for reckless driving. See OCGA § 40-6-390 (reckless driving); *Glenn v. State*, 269 Ga. App. 412, 414 (604 SE2d 255) (2004) (holding the State need not prove underlying offense that causes officers to act in obstruction case).

2. Mackey contends insufficient evidence supports his aggravated assault conviction based upon statements made by the trial court during the bench trial. According to Mackey, the trial court improperly applied a reckless standard of intent to the crime of

aggravated assault. The State charged Mackey with:

> the offense of AGGRAVATED ASSAULT for that the said accused . . . did make an assault upon the person of Officer . . . Miller . . . , knowing said Officer . . . Miller was a peace officer engaged in the performance of his official duties, said assault being with the intent to murder, contrary to the laws of said State, the good order, peace and dignity thereof.

The indictment did not specify a Code section violated by Mackey in connection with this charge.

OCGA § 16-5-21 provides, in pertinent part:

> (a) A person commits the offense of aggravated assault when he or she assaults:
> (1) With intent to murder, to rape, or to rob;
> (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury;
>
> . . .
>
> (c) A person who knowingly commits the offense of aggravated assault upon a peace officer while the peace officer is engaged in, or on account of the performance of, his or her official duties shall, upon conviction thereof, be punished by imprisonment for not less than five nor more than 20 years.

. . .

Based on the above, "[a]ggravated assault requires proof of certain aggravating circumstances and an assault." (Citation omitted.) *Montford v. State*, 254 Ga. App. 524, 525 (1) (564 SE2d 216) (2002).

"Assault requires showing either that the defendant attempted to injure someone, OCGA § 16-5-20 (a) (1), or that the victim was in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a) (2)." (Citation omitted.) *Montford*, supra at 525 (1). Subsection (a) (2) of the assault statute "requires only the criminal intent to commit the acts which caused the victim to be reasonably apprehensive of receiving a violent injury, not any underlying intent of the accused in assaulting the victim." (Citations and punctuation omitted.) *Kirkland v. State*, 282 Ga. App. 331, 332-333 (1) (638 SE2d 784) (2006). In this case, the record shows that Officer Miller reasonably apprehended immediately receiving a violent injury when Mackey backed toward him. As a result, the State sufficiently proved that an assault had occurred. Id.

The next question is whether the State sufficiently proved the aggravating circumstances alleged in the indictment. In this case, the State alleged "intent to murder" under OCGA § 16-5-21 (a) (1) as the aggravating circumstance, *not* the use of a car as a deadly weapon. Compare *Adams v. State*, 280 Ga. App. 779, 780-781 (634 SE2d 868) (2006); *Webb v. State*, 256 Ga. App. 653, 654 (1) (569 SE2d 596) (2002). "If the indictment sets out the offense as done in a particular way, the proof must show it." (Citation and punctuation omitted.) *Little v. State*, 202 Ga. App. 7, 8 (2) (413 SE2d 496) (1991).

In *Parker v. State*, 270 Ga. 256 (507 SE2d 744) (1998), the Supreme Court held that "reckless disregard for human life may be the equivalent of a specific intent to kill." Id. at 260-261 (4). The record shows that the trial court concluded at the end of the bench trial

> that based on the evidence . . . there was aggravated assault against the person of [Officer] Miller, in the fact that when you backed up that car, you — there's no question in my mind that you put his life in danger. And in terms of using a car as a deadly weapon, at the time you did it too. But at any rate, I find you guilty on that.

In the motion for new trial hearing, the trial court rejected Mackey's argument that it applied the wrong standard of intent and stated:

> [T]here were officers there, and he was avoiding or resisting arrest, and in the process of it endangered the life another human . . . that's why I found him guilty in the first place, is because whether he knew, physically saw the man behind him or not, there was no way — he knew that the people were going to be in danger. They were all around him. He should have known. Put it that way. If he didn't know, he should have known.

We conclude that sufficient evidence supports the trial court's conclusion that Mackey acted in reckless disregard for human life and affirm his conviction for aggravated assault under OCGA § 16-5-21 (a) (1) and (c) as charged in the indictment.[2]

We find no merit in Mackey's argument that the Supreme Court's opinion in *Chase v. State*, 277 Ga. 636 (592 SE2d 656) (2004) requires a different result. *Chase* addressed the intent required for

---

[2] We recognize that this same evidence would not have been sufficient to support an aggravated assault charge under OCGA § 16-5-20 (a) (1). See *Dunagan v. State*, 269 Ga. 590, 591-592 (2) (a) (502 SE2d 726) (1998); *Montford*, supra at 525-526 (1).

YALE LAW LIBRARY

assault under OCGA § 16-5-20 (a) (1), not the aggravating circumstances outlined in OCGA § 16-5-21 (a) (1). Id. at 638 (1).

3. Mackey contends that insufficient evidence supports one of his obstruction of an officer convictions because the obstructed officer (Guthrie) did not testify. We disagree. Officer Connell testified that Mackey struggled with both him and Officer Guthrie at the jail before they could restrain him. This evidence sufficiently supports his obstruction conviction. See *Jackson v. State*, 295 Ga. App. 427, 433 (5) (671 SE2d 902) (2009).

4. In his remaining enumeration of error, Mackey contends that a fatal variance existed between the indictment and the proof at trial. Specifically, he asserts that the State submitted only proof of aggravated assault committed with a deadly weapon, instead of aggravated assault with an intent to murder as alleged in the indictment. Based on our holding in Division 2, we find no merit in this claim. We further note that the trial judge's statement about Mackey "using a car as a deadly weapon" does not demand the conclusion that he found Mackey guilty of committing aggravated assault in a manner in which he was not charged. The trial court appears to have been simply explaining how Mackey's use of the car demonstrated a reckless disregard for human life.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 17, 2009.

*Melinda I. Ryals*, for appellant.
*Catherine H. Helms*, District Attorney, *Clayton A. Tomlinson, Cynthia D. Hendrix*, Assistant District Attorneys, for appellee.