### A09A0819. BAZIN v. THE STATE.
(683 SE2d 917)

DOYLE, Judge.
Tony Lee Bazin, Jr., was charged with aggravated child molestation,[1] child molestation,[2] three counts of aggravated sodomy,[3] and

---

two counts of contributing to the delinquency of a minor related to incidents involving two different victims.[4] Following a bench trial, the trial court found him guilty on all counts. Bazin appeals the denial of his motion for new trial in a single enumeration of error, arguing that his trial counsel provided ineffective assistance of counsel. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict,[5] the record shows that in 2000, Bazin approached a 15-year-old boy and took him "bogging" in the woods. While parked in the woods, and after telling the child that he wanted to show him "something that [Bazin] and [his] friends like[d] to do," Bazin performed various sexual acts on the victim against the child's will. In 2002, Bazin approached a 16-year-old boy, who agreed to get into Bazin's vehicle, and Bazin drove the child into the woods and performed various sexual acts on the child.

At the conclusion of the trial, the trial court found Bazin guilty on all counts. Bazin moved for a new trial on the grounds that he had received ineffective assistance of counsel. Following a hearing, during which trial counsel testified, the trial court denied the motion for new trial, and this appeal followed.

In a single enumeration of error, Bazin contends that the trial court erred in denying his motion for new trial. In his statement of facts, Bazin lists 17 instances in which trial counsel allegedly provided ineffective assistance of counsel. However, in the argument portion of his brief, which consists of four pages in a single division, he addresses only a few of the purported instances of ineffective assistance of counsel and does not address the remaining instances whatsoever, failing to support them with citation of authority.

> We caution counsel that this Court's rules are designed to facilitate the consideration of enumerated errors and compliance with such rules is not optional. . . . [Bazin's] failure to adhere to our rules has hampered our ability to ensure that all [his] arguments are addressed. Accordingly, [Bazin is] wholly responsible for any allegation of error that we are unable to fully address.[6]

To establish ineffective assistance of counsel under *Strickland v. Washington*,[7] a defendant must demonstrate "(1) that his trial

---

[4] OCGA § 16-12-1.

[5] See *Mackey v. State*, 296 Ga. App. 675 (675 SE2d 567) (2009).

[6] (Punctuation and footnote omitted.) *Wright v. AFLAC, Inc.*, 283 Ga. App. 890, 891-892 (1) (643 SE2d 233) (2007).

[7] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency."[8] To make that showing, Bazin must

> rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance. As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous.[9]

1. First, Bazin argues that trial counsel was ineffective in advising him to waive his right to a jury trial. But this contention is belied by the record. At the motion for new trial hearing, trial counsel testified that she discussed with Bazin the advantages and disadvantages of a jury trial versus a bench trial, and it was Bazin who made the decision to proceed with a bench trial. According to trial counsel, Bazin "wanted to have his bench trial before [the trial judge]" because Bazin "felt very comfortable with" the trial judge and thought that he "would be a very fair listener, would listen to [Bazin], [and would] listen to his witnesses." Bazin also signed a written waiver of his right to a jury trial. Bazin did not testify at the motion for new trial hearing, and there is no evidence in the record that contradicts trial counsel's testimony that Bazin himself made the decision to waive a jury trial. Under these circumstances, the trial court did not err in denying Bazin's motion for new trial on this basis.[10]

2. Bazin also claims that his trial counsel was ineffective in waiving opening argument and giving a brief closing statement. These arguments are without merit. Waiver of opening statement is a strategic determination within the discretion of trial counsel that does not equate to ineffective assistance.[11] And the fact that another attorney might have made a different closing argument does not show ineffectiveness.[12] "We find no reasonable probability that the outcome of the trial would have been different if trial counsel had

---

[8] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007).

[9] (Citations, punctuation and footnotes omitted.) *Carrie v. State*, 298 Ga. App. 55 (679 SE2d 30) (2009).

[10] See *Defrancisco v. State*, 289 Ga. App. 115, 119 (1) (e) (656 SE2d 238) (2008).

[11] See *King v. State*, 241 Ga. App. 894, 896 (3) (a) (528 SE2d 535) (2000); *Randolph v. State*, 225 Ga. App. 324, 325 (484 SE2d 1) (1997).

[12] See *King*, 241 Ga. App. at 896 (3) (b).

made [an opening statement or] a different closing argument."[13]

3. In his statement of facts, Bazin alleges that trial counsel was ineffective in failing to object to hearsay evidence and to leading questions asked by the prosecutor. Bazin's sole argument regarding these issues is that "the trial transcript is replete with standard simple evidentiary issues which should have been addressed by defense counsel giving [sic] the extreme exposure of the Appellant." This argument is not sufficient to preserve this portion of his enumeration for appeal.[14] Bazin makes no attempt to explain how these instances constituted deficient performance, nor does he contend that there is a reasonable probability that the outcome of the trial would have been different if the alleged hearsay evidence had been excluded or if trial counsel had objected to the leading questions, which he must demonstrate to prevail on his claim of ineffective assistance of counsel.[15]

Pretermitting whether Bazin has abandoned this claim on appeal,[16] it affords him no basis for reversal. When asked why she failed to make "a lot of objections . . . to hearsay and leading by the prosecutor," trial counsel responded that

> I would probably have to see what you are referring to. I want to say the majority of his trial strategy, after all, you know, we were dealing with a judge that knew what leading questions [were], knew what hearsay was, and not a jury. If we had been before a jury, there would have been . . . more objections. . . ."

"[D]ecisions as to whether to interpose certain objections fall within the realm of trial tactics and strategy and usually provide no basis for reversal of a conviction, nor do they amount to ineffective assistance of counsel."[17] Moreover, "[a]bsent a strong showing to the contrary, Georgia law presumes that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his or her decision."[18] We find no error in the trial court's denial of Bazin's motion for new trial on this basis.

---

[13] Id.

[14] See *Tuten v. State*, 242 Ga. App. 223, 228 (9) (529 SE2d 221) (2000).

[15] See *Watkins v. State*, 285 Ga. 355, 358 (2) (676 SE2d 196) (2009).

[16] See *Wright*, 283 Ga. App. at 893 (4) (issue deemed abandoned where not supported by cogent argument and citation of authority).

[17] (Citation and punctuation omitted.) *Reynolds v. State*, 269 Ga. App. 268, 271 (2) (603 SE2d 779) (2004).

[18] (Punctuation omitted.) *Taylor v. State*, 282 Ga. App. 469, 472 (3) (c) (638 SE2d 869) (2006).

4. Next, Bazin alleges that trial counsel failed to subpoena the Department of Family and Children Services ("DFCS") caseworker "who could corroborate the fact that one or both of the victims recanted and admitted consensual encounters with [Bazin]." First, we note that consent is not a defense to child molestation, as "children do not have the capacity to consent to or to resist a sexual act directed at them."[19] In any case, the DFCS witness did not testify at the hearing on the motion for new trial, and, therefore, this claim fails because Bazin failed to "present any probative evidence that they would have testified for the defense or that, if so, their testimony would have been exculpatory."[20]

5. Bazin also appears to suggest that trial counsel did not spend enough time preparing for trial, specifically alleging that "trial counsel admitted that there were no office conferences between her and her client. The only times she recalled meeting with the client were at the courthouse and immediately prior to the trial of the case." This is a mischaracterization of trial counsel's testimony at the new trial hearing. In fact, counsel testified that although she arranged office appointments with Bazin, "[a]t times he couldn't make those, [so] sometimes we met with him in Berrien County . . . because it was easier for him." Trial counsel also explained that she met with Bazin at least four times before trial, and that she contacted him multiple times to encourage him to contact her.

In any case, "[t]here is no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel."[21] Trial counsel had previously tried numerous felony cases, including murder and child molestation, both as a prosecutor and as a defense attorney. She also discussed the discovery materials with Bazin, including reviewing the victims' statements, and she prepared a trial notebook and consulted with Bazin while preparing to cross-examine the State's witnesses.

"Under these circumstances, [Bazin] ha[s] failed to establish that his counsel provided deficient performance as a result of inadequate trial preparation."[22] Further, Bazin "has failed to show what evidence or defenses could have been presented if his counsel had spent more time in preparation."[23] Thus, his claims on this basis "must fail since he has not demonstrated in any manner that counsel's preparation resulted in professional error or that counsel

---

[19] *Ellison v. State*, 296 Ga. App. 752, 758 (4), n. 20 (675 SE2d 613) (2009).

[20] (Punctuation omitted.) *Dye v. State*, 266 Ga. App. 825, 830 (2) (c) (598 SE2d 95) (2004).

[21] (Punctuation omitted.) *Daniels v. State*, 296 Ga. App. 795, 799 (5) (a) (676 SE2d 13) (2009).

[22] Id.

[23] Id.

could have done anything differently which would have produced a more favorable outcome at trial."[24]

6. Finally, Bazin argues that trial counsel was ineffective in failing to object to the admission of similar transaction evidence.

> In order for evidence of a similar transaction to be admissible, the State must demonstrate the following: (1) the evidence is admitted for a proper purpose; (2) sufficient evidence exists to establish the accused committed the independent act; and (3) a sufficient connection or similarity exists between the independent offense and the crime charged so that proof of the former tends to prove the latter.[25]

"Appropriate purposes include showing motive, plan, scheme, bent of mind, and course of conduct."[26]

> In cases of sexual abuse of children, evidence of prior sexual acts performed on other children is admissible to show the lustful disposition of the defendant toward children, and, because there is seldom a competent witness other than the victim to what occurred, to corroborate testimony of the victim as to the acts charged.[27]

Finally, "the court in a bench trial has broader discretion in admitting similar transaction evidence than in jury trials."[28]

(a) Bazin contends that trial counsel was ineffective for failing to object to the admission of similar transaction evidence regarding his conduct with another child. We disagree.

The State introduced the testimony of D. K., who stated that in 2000, when he was 13 years old, Bazin approached him in a truck and asked him to go "mud bogging." D. K. agreed, and Bazin drove him into the woods, where he touched the child on the leg, telling D. K. that one of Bazin's friends had done the same thing to him. D. K. told Bazin to stop, and Bazin complied.

Bazin does not explain the basis for his contention that the evidence was improperly admitted, and we find none. Bazin's earlier lewd act with D. K. and his actions with the two victims "were

---

[24] (Punctuation omitted.) Id. at 800 (5) (a).

[25] (Punctuation omitted.) *Breland v. State*, 287 Ga. App. 83, 84-85 (1) (651 SE2d 439) (2007).

[26] *Cook v. State*, 276 Ga. App. 803, 809 (6) (625 SE2d 83) (2005).

[27] (Punctuation omitted.) *Mikell v. State*, 281 Ga. App. 739, 742 (2) (637 SE2d 142) (2006).

[28] *Lloyd v. State*, 259 Ga. App. 636, 640-641 (2) (577 SE2d 854) (2003).

sufficiently similar to the acts for which he was charged here and were appropriate for showing his lustful disposition and bent of mind toward molesting [teenaged boys]."[29] Given that the trial court properly admitted the similar transaction evidence regarding D. K., Bazin's trial counsel was not deficient in failing to object thereto because "counsel's failure to pursue a futile objection does not constitute ineffective assistance."[30]

(b) Bazin also argues that trial counsel was ineffective for failing to object to similar transaction evidence introduced by the State during its direct examination of Steve Miller, a former investigator for the Cook County Sheriff's Department, who testified that he had observed Bazin in the area of the crimes with "other young white boys." But trial counsel objected twice to Miller's testimony on this issue, and she moved for a mistrial after the prosecutor agreed to "withdraw any further questions" on the topic. And Bazin's argument that trial counsel was ineffective in failing to move to strike Miller's testimony after her motion for mistrial was denied is without merit because "[i]t is presumed that in his capacity as trier of fact the trial judge considered only legal evidence."[31] Thus, this argument presents no basis for reversal.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED AUGUST 28, 2009.

*John D. Holt,* for appellant.
*Catherine H. Helms, District Attorney, Patricia A. Pickett, Assistant District Attorney,* for appellee.

---

[29] *Mikell,* 281 Ga. App. at 743 (2). See also *Phelps v. State,* 158 Ga. App. 219 (2) (279 SE2d 513) (1981).

[30] (Punctuation omitted.) *Calloway v. State,* 287 Ga. App. 265, 267 (651 SE2d 190) (2007).

[31] *Simmons v. State,* 249 Ga. 860, 861 (2) (295 SE2d 84) (1982).