[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12043

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMAL NICHOLL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00386-JPB-JSA-1

————————————

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Jamal Nicholl appeals his conviction after pleading guilty to possession of a firearm by a convicted felon. He contends that the district court erred in denying his motion to suppress because officers did not have probable cause to arrest him, so the firearm found in his pocket at the time of his arrest is inadmissible. After careful review, we affirm the denial of the motion to suppress and Nicholl's conviction.

## I.

In the early morning of August 16, 2020, Nicholl was pulled over in his Dodge Challenger and arrested by Atlanta Police Department officers for "laying drag," in violation of O.C.G.A. § 40-6-251, after he engaged the "line lock" feature of his car and burned out his rear tires while stopped in traffic. A search incident to arrest revealed a gun in Nicholl's pocket. Nicholl was charged by indictment with possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1).

Nicholl moved to suppress the gun, arguing that it was the poisoned fruit of an unlawful traffic stop and arrest. A magistrate judge held an evidentiary hearing. The government called as witnesses Atlanta Officers Amasiah Toombs and Michael Doherty. Nicholl called Eric Shelton, an expert on drag racing.

Toombs testified that he was on patrol near Edgewood Avenue in downtown Atlanta when he heard the screeching sound of burning tires and saw a cloud of smoke coming down the road trailing an orange Challenger. According to Toombs, the Challenger would "burn out a little and then stop" multiple times while in westbound traffic on Edgewood. Similarly, Doherty testified that he saw the Challenger burn its tires while stopped in traffic, "move up a little bit," and then "d[o] it again." That area of Edgewood is a busy bar district, so there were other cars and a "lot of pedestrians" around at the time of these events.

Acting on standing orders to crack down on any reckless driving, Toombs pulled over the Challenger and arrested Nicholl for "laying drag," in violation of O.C.G.A. § 40-6-251. Toombs testified that, in his understanding, laying drag meant "just burning your tires to the point where it will actually leave a mark on the ground." Nicholl told Toombs that he had activated the line lock feature on his car and did not know burning his tires was illegal. Toombs conducted a search incident to arrest and found a firearm in Nicholl's pocket.

Nicholl's expert Shelton testified that a line lock allows a driver to engage the front brakes independently of the rear brakes and do a "burnout." Specifically, with the line lock engaged, stepping on the gas will cause the rear wheels to spin while the car is stationary, heating up and smoking through friction, which is useful in drag racing to improve tire adhesion just before a race.

According to Shelton, the line lock was a standard feature in the Challenger, with prompts explaining how to use it.

After further briefing, a magistrate judge issued a report recommending denial of the motion to suppress. The magistrate judge first found that the officers lacked probable cause to arrest Nicholl for "laying drag" under § 40-6-251, because they had no reason to believe that the Challenger "had likely engaged in zigzagging, circular, or gyrating movements as seemingly required by the plain language of the statute." While the magistrate judge agreed with the government that the traffic stop was supported by reasonable suspicion, it explained that the evidence stemmed from the arrest, which required its own justification.

Nevertheless, the magistrate judge continued, there was probable cause to believe Nicholl had committed the offense of "reckless driving" under O.C.G.A. § 40-6-390(a), so his warrantless arrest was still constitutionally valid. The magistrate judge acknowledged that Toombs, the arresting officer, testified that simply burning tires was not "technically" reckless. But based on testimony from Doherty and Shelton, the magistrate judge reasoned that "spinning and burning the back wheels as if about to shoot out in a drag race on a busy urban street with pedestrians and other cars" posed a "clear and inherent risk" of actual harm due to the possibility of mechanical or driver error. And even if no accident occurred, the magistrate judge stated, Nicholl's conduct showed disregard for the safety of others, or "[a]t a minimum" a disregard for the public roadways.

Nicholl objected that the probable-cause analysis should be limited to the cited offense of laying drag, and that, in any case, the officers lacked probable cause to believe that his conduct—burning tires while stationary—was reckless.  The government did not file objections.

The district court overruled Nicholl's objections in material part.  It recited the well-established rule that the validity of a warrantless arrest does not turn on the offense announced by the arresting officer.  And it agreed with the magistrate judge that the arrest was supported by probable cause for reckless driving.  The court explained that, while doing a line lock burnout alone may not be reckless, "using this feature to stop and start, burn tires and expel smoke, in an area with traffic and pedestrians, constitutes a 'clear and inherent risk' of harm" "by impeding the flow of traffic and potentially obstructing the views of other drivers with smoke."

Nicholl then pled guilty under a written plea agreement, but he reserved the right to appeal the denial of the motion to suppress. The district court sentenced Nicholl to 24 months' imprisonment. Nicholl now appeals.

## II.

A district court's grant or denial of a motion to suppress is a mixed question of law and fact. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015).  We review the district court's factual findings for clear error and its application of the law to those facts *de novo*.  *United States v. Spivey*, 861 F.3d 1207, 1212 (11th Cir.

2017).  The facts are construed in favor of the party that prevailed in the district court—here, the government.  *Id.*

The Fourth Amendment protects against unreasonable searches and seizures.  U.S. Const. amend. IV.  Ordinarily, evidence obtained in violation of a defendant's Fourth Amendment rights cannot be used against him in a criminal trial.  *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003).

A warrantless arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment.  *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018).  To determine whether probable cause existed, we examine the "totality of the circumstances" facing the officers and ask "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause."  *Id.* (quotation marks omitted).  Probable cause exists if a "reasonable officer could conclude that there was a substantial chance of criminal activity."  *Washington v. Howard*, 25 F.4th 891, 902 (11th Cir. 2022) (cleaned up).  Incident to a valid arrest, officers may search the suspect's person for weapons.  *Arizona v. Gant*, 556 U.S. 332, 338–39 (2009).

The government concedes that the "officers did not have probable cause to arrest Defendant for laying drags."  We agree.  The "laying drags" statute prohibits "intentionally and unnecessarily causing [a] vehicle to move in a zigzag or circular course or to gyrate or spin around."  O.C.G.A. § 40-6-251(a).  Neither officer described Nicholl as doing anything other than burning his tires while stopped and driving in a straight line, activities that fall

outside the statute's plain terms.  So the arresting officer was mistaken in relying on § 40-6-251(a).

But "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause" for a warrantless arrest.  *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).  *But cf. Williams v. Aguirre*, 965 F.3d 1147, 1162 (11th Cir. 2020) (holding that a different rule applies to arrests based on a warrant). So long as the circumstances known to the officers, viewed objectively, give probable cause to arrest for any crime, the arrest is constitutional even if probable cause was lacking as to the announced charges.  *Devenpeck*, 543 U.S. at 153–55; *Williams*, 965 F.3d at 1162 ("[T]he only question relevant to the objective reasonableness of a seizure is whether probable cause for some crime exists.").

Here, we agree with the district court that probable cause existed to arrest Nicholl for the crime of reckless driving.  Under Georgia law, "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."  O.G.C.A. § 40-6-390(a).  This offense "may be committed in a variety of ways, and the State need only present evidence that the defendant drove in a manner exhibiting reckless disregard for the safety of persons or property."  *Hughes v. State*, 659 S.E.2d 844, 846 (Ga. Ct. App. 2008) (quotation marks omitted). An officer who observes reckless driving is empowered to stop and arrest the driver.  *Draper v. Reynolds*, 369 F.3d 1270, 1276 (11th Cir. 2004); *Mackey v. State*, 675 S.E.2d 567, 569 (Ga. Ct. App. 2009).

Viewed in the light most favorable to the government, the prevailing party below, the evidence presented at the suppression hearing supports the existence of probable cause to believe that Nicholl "drove with reckless disregard for the safety of persons in the area." O.G.C.A. § 40-6-390(a). By any ordinary definition of the term, Nicholl was "driving" the Challenger when he engaged the line lock feature and burned his rear tires, creating a large cloud of smoke. He was in a running car, in traffic, and pressing the gas pedal, even if he wasn't moving. The officers also indicated that Nicholl did a burnout at least twice, moving forward in between.

Although some of the testimony described doing a line-lock burnout on a public street as merely unwise or a nuisance, not necessarily a safety danger, we must consider "the particular conditions on the street," among other factors, when evaluating probable cause for reckless driving. *Hughes*, 659 S.E.2d at 847; *see Wesby*, 138 S. Ct. at 586. And the circumstances here include the presence of other traffic and "a lot of pedestrians" early in the morning in a busy bar district. A reasonable officer could conclude that Nicholl's operation of his vehicle in this specific context—by creating a startling, screeching sound, the expectation of a car accelerating, and a large cloud of smoke in traffic—unnecessarily put others' safety or property at risk by increasing the chances of a collision, even if no one was injured or in imminent danger.

Nicholl objects that it is speculative "to conclude that there was a legitimate concern for public safety" based on "the large cloud of smoke." In his view, the record lacks support for that

conclusion because the officers did not provide "descriptive details on the cloud of smoke" or indicate "that pedestrians or drivers could not see due to the large cloud of smoke." He also notes that the officers themselves were at best equivocal about whether they viewed his conduct as reckless.

But even assuming the evidence available to the officers would have been inadequate to convict Nicholl of reckless driving, "the probable cause determination is entirely different from the standard for a conviction." *Wood v. Kesler*, 323 F.3d 872, 880 n.12 (11th Cir. 2003). "[W]hile an arrest must stand on more than suspicion, the arresting officer need not have in hand evidence sufficient to obtain a conviction." *Id.* In other words, there must be a "substantial chance of criminal activity," not "conclusive evidence." *Washington*, 25 F.4th at 898–99. For the reasons we just explained, we believe the totality of the circumstance before the officers, viewed in the light most favorable to the government, provides objectively reasonable grounds to support Nicholl's arrest for reckless driving. The officers' subjective beliefs or personal legal conclusions are irrelevant to that determination. *Wood*, 323 F.3d at 880 n.12.

Because there was probable cause of reckless driving, the officers did not violate Nicholl's Fourth Amendment rights by stopping his car and arresting him. *See Draper*, 369 F.3d at 1276; *Mackey*, 675 S.E.2d at 569. Accordingly, the district court did not

10                        Opinion of the Court                        22-12043

err in denying Nicholl's motion to suppress, and we affirm his conviction.

**AFFIRMED.**