A06A0644. JORDAN v. THE STATE.
(635 SE2d 163)

JOHNSON, Presiding Judge.

Gregory Jordan was charged with possession of cocaine with intent to distribute. He pled guilty to the reduced charge of possession of cocaine. On May 30, 2003, he was sentenced to serve five years on probation and six months in a detention center, and ordered to perform community service and pay a $1,500 fine and other fees. On June 27, 2005, Jordan's probation officer filed a petition to revoke the probation. The petition alleged that Jordan had violated certain conditions of his probation in that he: (1) was arrested and charged with trafficking in cocaine on or about December 8, 2004; (2) failed to report to the probation officer as directed; and (3) was in arrears in paying the fine and fees.

The trial court held a hearing on the petition on September 7, 2005. The court announced that it found that Jordan violated his probation by failing to report, failing to pay his fines, and being "involved in at least one criminal scheme during that period of time." The court stated that it was revoking the balance of Jordan's probation.

On the written order, the court indicated that Jordan had committed "violations of probation conditions as stated in petition." A handwritten "X" appears on the order in the box beside "Technical violations of probation conditions." A box beside "New felony offense" is also marked with an "X" (though that checkmark appears to be

---

[20] Id.; *Roundtree v. State*, 268 Ga. App. 877, 877-878 (1) (602 SE2d 890) (2004).

preprinted on the order). The trial court indicated on the order that Jordan would serve "Full Revocation" in an unspecified facility.

Jordan filed an application for discretionary appeal from the order, asserting that the trial court erred by (1) revoking his probation when there was no admissible evidence showing that he violated his probation; and (2) revoking his probation in its entirety when the law allows no more than two years to be revoked. We granted his application.

1. (a) *A new felony offense.* One of the conditions of Jordan's probation was that he not commit any crimes. The revocation petition alleged that, while on probation, Jordan was arrested and charged with trafficking in cocaine on or about December 8, 2004. It appears from the order that the trial court found that Jordan committed a new felony. We agree with Jordan that the state failed to show by a preponderance of evidence that he committed the trafficking offense alleged in the petition.

A drug task force agent testified that officers purchased $100 worth of crack cocaine from Jordan in June 2004. She testified that the substance was sent to the crime lab and tested positive for cocaine. Jordan objected to the testimony identifying the substance as cocaine, since the agent had no personal knowledge of the makeup of the substance and no one from the crime lab testified.[1] The court sustained the objection. The state also failed to introduce any evidence as to the quantity of the substance. Therefore, the state did not prove by a preponderance of the evidence that Jordan committed the offense of trafficking cocaine.[2]

(b) *Failure to report and pay fine and fees.* Jordan contends that the probation officer did not testify to the technical violations from his own knowledge, but merely read the charges set forth in the revocation petition. The transcript shows that when Jordan's probation officer was asked why he petitioned to have Jordan's probation revoked, the probation officer's response was nearly identical to the allegations as set forth in the petition. Specifically, the probation officer testified at the hearing that Jordan

> violated condition number one by being arrested and charged with trafficking cocaine on or about December 8, 2004; condition number four, by failing to report to probation office as directed in January, February, March, April, May, June 2005; failing to pay his fees and fees of $774 arrears, with the

---

[1] See *Barnett v. State*, 194 Ga. App. 892, 893 (392 SE2d 322) (1990) (hearsay evidence is inadmissible in a probation revocation proceeding).

[2] See generally *Anderson v. State*, 212 Ga. App. 329 (441 SE2d 268) (1994).

fine balance — that is incorrect — well, the date of last payment was January 7, 2005, you know; and that payment was made at the Columbus Diversion Center.

Defense counsel objected to the testimony as hearsay, arguing that "he's just reading into the record what's in the petition for establishing the allegations in the petition. . . ."[3] The court overruled the objection, stating that the witness was "not doing anything other than reciting what's before the Court." The witness gave no other testimony regarding the reporting and payment allegations.

We agree that the state should have elicited testimony regarding specific facts which would have made it clear that the probation officer was testifying from his own personal knowledge rather than from the petition he prepared and filed. Nonetheless, the witness did testify that he supervised Jordan's probation, which implies that he was testifying from personal knowledge regarding probation reporting and payment matters. The witness essentially stated under oath that Jordan failed to report to the probation office as directed and failed to pay his fine and fees as ordered. And there were some variations between the probation officer's testimony and the wording of the petition he prepared; for instance, he testified that the amount of arrearage shown in the petition was incorrect. A finder of fact could find from the evidence that the probation officer had personal knowledge of the facts set forth in the petition pertaining to Jordan's noncompliance with the reporting and payment requirements of his probation. The state met its burden of proving the technical violations by a preponderance of the evidence.[4]

2. At the time of the hearing, Jordan had approximately two years and eight months remaining on his five-year probation sentence. Jordan urges that, even if the evidence was sufficient to support a finding that he violated his probation, the trial court acted improperly in fully revoking his probation. He argues, and the state concedes in its brief, that the trial court was limited to revoking a maximum of two years of his probation.[5]

---

[3] The petition alleged that Jordan:
violated the terms and conditions of probation in the following particulars: CONDITION # 1 BY BEING ARRESTED AND CHARGED WITH TRAFFFICKING [sic] COCAINE ON OR ABOUT DECEMBER 8, 2004. CONDITION # 4 BY FAILING TO REPORT TO THE PROBATION OFFICER AS DIRECTED IN JANUARY, FEBRUARY, MARCH, APRIL, MAY, AND JUNE 2005. FAIILING [sic] TO PAY FINE/FEES $774.00 ARREARS WITH FINE BALANCE $611.56, DATE OF LAST PAYMENT JANUARY 7, 2005 FROM THE COLUMBUS DIVERSION CENTER.

[4] See generally *Dugger v. State*, 260 Ga. App. 843, 847 (2) (581 SE2d 655) (2003).

[5] See OCGA § 42-8-34.1 (c) (where state proves defendant has violated any general

After the hearing, the court announced that it would revoke "the balance" of Jordan's probation. However, in its written revocation order, the court indicated that the probation revocation was a "(f)ull revocation." It is not clear what the court intended by that language, but it could possibly be construed as ordering more than two years in confinement.

OCGA § 42-8-34.1 (c) places a two-year limitation on the period of confinement which may be ordered when probation is revoked because of a violation of a general provision of probation.[6] Therefore, we vacate the sentence and remand the case to the trial court for resentencing to a term of confinement no greater than that specified in OCGA § 42-8-34.1 (c).[7]

*Judgment affirmed in part, vacated in part and case remanded with direction. Miller and Ellington, JJ., concur.*

DECIDED MAY 15, 2006.

*William A. Adams, Jr.*, for appellant.
*Scott L. Ballard, District Attorney, Cindy L. Spindler, Assistant District Attorney*, for appellee.

---

provision of probation other than by commission of a new felony, and court considers use of alternatives to confinement but determines defendant does not meet criteria for said alternatives, court may revoke the balance of probation or not more than two years in confinement, whichever is less); see also OCGA § 42-8-34.1 (d) (if violation of probation is the commission of a felony, the court may revoke no more than the lesser of the balance of probation or the maximum sentence authorized to be imposed for the crime constituting the violation of the probation).

6 See generally *Gordon v. State*, 217 Ga. App. 271 (2) (456 SE2d 761) (1995).