## S08A1118. KINDER v. THE STATE.
(663 SE2d 711)

THOMPSON, Justice.

Garey Bernard Kinder was charged with malice murder and aggravated assault in the shooting death of Felicia Lucas. The State sought the death penalty.[1] After finding Kinder guilty as charged, and the existence of two statutory aggravating circumstances, the

---

[1] The crimes occurred on March 6, 2002. A true bill of indictment was returned on May 7, 2002, charging Kinder with malice murder and aggravated assault. On the same day, the State provided notice of its intent to seek the death penalty. Trial commenced on October 6, 2003. On October 11, 2003, a jury found Kinder guilty as charged, and fixed a sentence of life without parole on October 12, 2003. Kinder was sentenced on October 14, 2003 to life without parole plus 20 concurrent years. On July 26, 2007, Kinder was granted the right to file an out-of-time motion for new trial and to pursue an out-of-time appeal. A motion for new trial was filed on August 14, 2007, amended on November 16, 2007, and denied on February 13,

jury recommended a sentence of life without possibility of parole. The trial court sentenced Kinder accordingly. On appeal, Kinder asserts inter alia that the trial court erred in refusing to grant a mistrial during voir dire proceedings, and in allowing the admission of evidence of an independent crime. Finding no error, we affirm.

Kinder drove up to the home of his estranged long-term girlfriend, accelerated his vehicle and drove over her in the driveway of her home, fracturing her femur. He then exited his car with a revolver in hand and approached the victim who was pinned under the vehicle. Kinder placed the pistol against the victim's head and fired multiple shots. Two bullets entered her skull, causing her death. Kinder returned to his car and drove away. The crimes were witnessed by the couple's children who had just returned home from school, as well as by several bystanders who heard Kinder exclaim to the victim, "I told you I was going to get you."

Kinder turned himself in to the police the next day. He received *Miranda* warnings, executed a written waiver, and gave a statement to the officers. He stated that he had been speaking with the victim on a cell phone in the moments leading up to the shooting; when she told him that the children were calling her new boyfriend "daddy," he deliberately "bumped" her with his vehicle, intending only to scare her; and that he shot her after she threatened that he would go to jail.

1. There was ample evidence for a rational trier of fact to have rejected Kinder's proffered theory of voluntary manslaughter and to have found him guilty beyond a reasonable doubt of malice murder and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During voir dire, potential jurors were divided into groups of 20 and then individually questioned. During individual questioning, one of the jurors revealed that several people in his group had been discussing the case as they were waiting to be called to the courtroom. Defense counsel moved for a mistrial. The court then summoned all remaining jurors from the group to the courtroom, reminded them of the court's preliminary instructions to refrain from any discussions about the case, and questioned them about what may have taken place in the waiting area. The first juror stated that they had discussed the facts of the case to refresh their memory, but that no juror expressed an opinion about the outcome. The next juror added that juror Osborne disclosed to the group that he was the victim's godfather. Juror Osborne confirmed that fact and he was

2008. A notice of appeal was filed on February 21, 2008. The case was docketed in this Court on March 19, 2008, and was submitted for a decision on briefs on May 12, 2008.

dismissed for cause. The next three jurors confirmed what the others had said. The court then asked the jurors whether anyone had expressed an opinion about the verdict or sentence, to which they responded in the negative. One juror volunteered that the discussions were about "factual information that may have been in the newspaper" or information gleaned from the reading of the indictment by the court at the inception of the voir dire process. The jurors were returned to the waiting area and defense counsel argued that a mistrial was required because the jury had been discussing the case in violation of the court's instructions. The court denied the motion finding that Kinder had not been prejudiced by the unauthorized discussions. Defense counsel further requested that the jurors who had been privy to the discussions be removed for cause. The court also denied that motion but determined that it would qualify each of those jurors individually and allow further voir dire to ascertain whether any juror had been prejudiced or formed an opinion about the case. With the exception of two jurors, all members of that group were excused for cause for reasons independent of Osborne's remarks. While one juror from the group was seated on the trial of the case, that juror was statutorily qualified and denied during voir dire that he had spoken to anyone about the case or that he was aware of any news reports.

The motion for mistrial was premature, having been made before the jury had been impaneled and sworn; Kinder's alternative challenge to the poll was the appropriate motion. *Sharpe v. State*, 272 Ga. 684 (5) (531 SE2d 84) (2000), citing *Ferguson v. State*, 219 Ga. 33 (3) (131 SE2d 538) (1963). In determining whether the trial court should have excused all members of the array who may have been privy to unauthorized discussions, "[t]he inquiry is whether the remarks were *inherently* prejudicial and deprived [appellant] of [his] right to begin [his] trial with a jury free from even a suspicion of prejudgment or fixed opinion. [Cit.]" (Punctuation omitted.) *Sharpe*, supra at 688 (5). See also *Edwards v. State*, 282 Ga. 259 (8) (a) (646 SE2d 663) (2007). But "where the facts establish only gossamer possibilities of prejudice, [cit.] prejudice is not inherent." (Punctuation omitted.) *Sharpe*, supra at 688 (5).

While the members of the panel violated the court's preliminary instructions to refrain from discussing the case, the court took corrective action by questioning those jurors individually to ascertain whether they had been prejudiced by the unauthorized discussion, and by reiterating the court's previous admonitions. Based on the jurors' responses, we do not find that the conduct in the waiting area inherently prejudiced the array, or that the jurors involved had formed a fixed opinion about the outcome. It follows that Kinder was not denied his right to a fair trial. Accordingly, there was no abuse of

the trial court's discretion in refusing to strike the entire panel. *Sharpe*, supra at 688 (5).

3. Kinder further submits that the trial court erred in admitting evidence of an independent transaction because it was neither similar nor relevant to prove the charged crime.

At a hearing to determine admissibility conducted in accordance with *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) and Uniform Superior Court Rule 31.3 (B), the evidence established that approximately 15 years earlier, Kinder's former girlfriend and the mother of one of his children left Kinder's apartment along with a friend and drove to a nightclub. Kinder followed her there and rammed his car into her car in the parking lot, and then broke her car window with the butt of a pistol. The police were summoned, but the victim refused to press charges.

The trial court found that the State had satisfied its burden of showing by a preponderance of the evidence that (1) the similar transaction it sought to introduce was perpetrated by Kinder; (2) a sufficient connection existed between the independent act and the act for which Kinder was on trial so that proof of the former tends to prove the latter; and (3) the independent act was offered for the appropriate purpose of establishing motive, intent, bent of mind and course of conduct. "When similar transaction evidence is admitted for these purposes, a lesser degree of similarity is required than when such evidence is introduced to prove identity." *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

After reviewing the record we find sufficient similarity between the independent act and the crime charged to authorize its admissibility, and we conclude that the evidence was probative of bent of mind and course of conduct. Thus, the trial court's findings were not clearly erroneous and will not be disturbed on appeal. Id.; *Davis v. State*, 279 Ga. 786, 787 (3) (621 SE2d 446) (2005).

4. The State provided pretrial notice of its intent to introduce evidence of prior difficulties between Kinder and the victim. In his pretrial response, Kinder opposed the introduction of such evidence in the guilt-innocence phase, but acknowledged that bad character evidence is admissible in the sentencing phase. See *Lance v. State*, 275 Ga. 11, 24 (29) (560 SE2d 663) (2002); *Gulley v. State*, 271 Ga. 337 (8) (519 SE2d 655) (1999). Following a hearing, the court entered a pretrial order allowing the evidence to be admitted during trial. At trial, evidence of prior difficulties was introduced by the State *in the sentencing phase only* without objection. Kinder now enumerates as error the introduction of that evidence. Not only did Kinder recognize the admissibility of the evidence in his brief in response to the State's notice of intent, he voiced no objection when the evidence was introduced at trial. Accordingly, this enumeration of error presents

nothing for review. See *Compton v. State*, 281 Ga. 45, 46 (2) (635 SE2d 766) (2006) (acquiescence deprives a defendant of the right to complain on appeal); *Merritt v. State*, 255 Ga. 459 (2) (339 SE2d 594) (1986) (failure to object contemporaneously constitutes a waiver). See also *Lance*, supra at 24 (29).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 2008.

*Tera E. Edwards*, for appellant.

*Howard Z. Simms, District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.