A09A0101. LITTLE v. THE STATE.

(680 SE2d 154)

DOYLE, Judge.

A Madison County jury found Joshua Little guilty of aggravated assault on a peace officer,[1] obstruction of an officer,[2] reckless driving,[3] fleeing and attempting to elude a police officer,[4] and driving under the influence of alcohol and marijuana to the extent that it was less safe for him to drive.[5] On appeal, Little challenges the sufficiency of

---

[1] OCGA § 16-5-21 (a), (c).

[2] OCGA § 16-10-24 (a).

[3] OCGA § 40-6-390 (a).

[4] OCGA § 40-6-395 (a).

[5] OCGA § 40-6-391 (a) (4).

the evidence with regard to the aggravated assault count, and he argues that the trial court abused its discretion by failing to investigate the impact of a statement made by a potential juror on the remainder of the panel. For the reasons that follow, we affirm.

1. Little argues that the evidence presented at trial was insufficient to support his conviction for aggravated assault on a peace officer because the officer involved was never in immediate apprehension of harm. We disagree.

> In reviewing the sufficiency of the evidence, the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The appellant no longer enjoys a presumption of innocence, and we determine the legal sufficiency of the trial evidence and do not weigh that evidence or assess the credibility of witnesses.[6]

Thus, viewed in the light most favorable to the verdict,[7] the evidence shows that on February 4, 2004, Deputy Tom Lutz was completing a security check of a local elementary school, when he observed a truck pull into the parking lot. When the deputy turned on his headlights, the vehicle sped off. Deputy Lutz followed the truck to the end of the school driveway, at which point the driver, Joshua Little, turned left onto the adjoining road, failing to stop at the stop sign at the end of the driveway. Deputy Lutz activated his patrol car lights, and Little proceeded through a red light and pulled to the side of the road. After calling in Little's car tag, Deputy Lutz exited his patrol car and approached Little's truck; when the deputy was even with the driver's side door, Little "abruptly accelerated causing the vehicle to swerve," hitting Deputy Lutz and sending him into oncoming traffic. Afterward, the deputy entered his patrol car, and a high-speed chase ensued, ending with the apprehension of Little after a foot chase.

"Aggravated assault requires proof of certain aggravating circumstances and an assault. Assault requires showing either that the defendant attempted to injure someone . . . or that the victim was in reasonable apprehension of immediately receiving a violent injury."[8] Here, Deputy Lutz testified that he was in fear of receiving a violent injury when Little suddenly pulled away from the traffic stop, which was sufficient for the jury to find that Little committed aggravated

---

[6] (Footnotes omitted.) *Adams v. State*, 293 Ga. App. 377, 378 (1) (667 SE2d 186) (2008).

[7] Id. at 377.

[8] (Citations omitted.) *Kirkland v. State*, 282 Ga. App. 331, 332 (1) (638 SE2d 784) (2006).

300

assault on a peace officer.[9]

Although Little relies on this Court's decision in *Montford v. State*[10] to support his argument that the evidence is insufficient, that case is distinguishable because (1) the victim did not see — and therefore could not apprehend violent injury from — the defendant's car; and (2) the defendant testified, and the jury was authorized to believe, that he did not see the victim while driving and did not intend to injure the victim with his car. Here, Deputy Lutz testified that he apprehended the potential to receive a violent injury from Little's actions, and the determination of whether the deputy's testimony was credible was for the jury to decide.[11] Furthermore, the evidence demonstrated that Little intended to drive his vehicle rapidly away from the stop. Accordingly, Little's first enumeration is without merit.

2. Next, Little argues that the trial court abused its discretion by denying his motion for mistrial during voir dire proceedings.

Specifically, Little contends that the jury array was tainted by a potential juror's response to the question of whether she could be fair and impartial. The potential juror stated, "I have never known [Deputy] Lutz to lie[,] and I don't think I could hear anything else that would make a difference[,] and it would be hard for me to be impartial." Little moved for a mistrial on the ground that the jury array had been tainted by the potential juror's statement about the deputy's credibility, but the trial court denied the motion and struck the juror for cause.

Little now argues that the denial of his motion was erroneous; however, "[t]he motion for mistrial was premature, having been made before the jury had been impaneled and sworn."[12] The trial court dismissed the potential juror, and Little did not make any other motion regarding the impartiality of the remaining jurors.[13]

In any event, assuming that the trial court should have construed the motion for mistrial as a challenge to the impartiality of

---

[9] See id. at 333 (1) (holding that testimony that the victim was in fear for his life when he was dragged along by the defendant's car as the defendant drove quickly out of the car wash, "together with a finding that [the defendant] intended to drive rapidly out of the car wash, was sufficient to authorize the jury to find [the defendant] guilty of aggravated assault as charged in the indictment") (citation omitted); *Adams*, 293 Ga. App. at 379-380 (1) ("all that is required is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, and not a specific intent to cause such apprehension") (punctuation and footnote omitted). See also *Wallace v. State*, 295 Ga. App. 452, 456 (3) (671 SE2d 911) (2009) ("the testimony of a single witness is generally sufficient to establish a fact") (footnote omitted).

[10] 254 Ga. App. 524, 526-528 (1) (564 SE2d 216) (2002).

[11] See *Crane v. State*, 297 Ga. App. 880, 883 (2) (678 SE2d 542) (2009).

[12] (Citations omitted.) *Kinder v. State*, 284 Ga. 148, 150 (2) (663 SE2d 711) (2008).

[13] See *Sharpe v. State*, 272 Ga. 684, 687 (5) (531 SE2d 84) (2000).

the remaining jurors, we find that there was no error on the part of the trial court for denying the motion. The comment made by the potential juror was not inherently prejudicial because she did not comment on the guilt or innocence of Little, but merely expressed the reason why she could not impartially view the evidence presented at trial.[14] Accordingly, there was no error on the part of the trial court, and this enumeration is without merit.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 11, 2009.

*Jana M. Whaley,* for appellant.
*Robert W. Lavender, District Attorney, James W. Webb, Assistant District Attorney,* for appellee.

---

[14] See, e.g., id. (holding that a retired county employee's statement during voir dire that "he may have used 'these boys' [(referring to the three defendants)] for work at the jail" did not inherently prejudice the defendants because the comment did not necessarily imply the defendants' guilt or link them to other criminal violations).