A12A0187. KLICKA v. THE STATE.
A12A0188. DAVIS v. THE STATE.
(727 SE2d 248)

DOYLE, Presiding Judge.

These appeals arise from the trial court's revocation of Robert Klicka's (a/k/a John Davis) probation for violation of the terms thereof.[1] Klicka filed an application for discretionary appeal, which this Court granted to review the revocation order. Because the

---

[1] The two cases arise from the revocation orders docketed in separate appeals based on Klicka's alias. We have consolidated the cases for purposes of appeal, and herein the appellant is referred to as Klicka.

evidence failed to support the revocation to the extent ordered by the trial court, we vacate the order and remand the case for resentencing.

The record shows that on February 11, 2011, Klicka pleaded guilty to possession of methamphetamine and aggravated assault and was sentenced to concurrent sentences of ten years, with one year in confinement commuted to time served, and the remaining nine years probated in each case. The general terms of his probation required Klicka to, inter alia, report to his probation officer, pay probation fees, and refrain from violating criminal laws.

In March 2011, the State filed a petition to revoke Klicka's probation based on allegations that Klicka failed to report to intake and that he was arrested on March 1, 2011, for committing aggravated assault, criminal trespass, property damage, failure to maintain lane, fleeing or attempting to elude an officer, following too closely, hit and run, obstruction, reckless driving, suspended license, and theft by receiving stolen property.

The trial court held a hearing at which the arresting officer testified about the events leading up to Klicka's re-arrest. The officer testified that he encountered Klicka while responding to an "OnStar" report of a stolen vehicle with a description matching a vehicle driven by Klicka. The officer attempted to execute a traffic stop, and Klicka briefly eluded the officer, hitting the car in front of him as he navigated around traffic. Approximately two minutes later, the officer spotted Klicka on foot at the end of a dead-end street, where the officer was able to apprehend Klicka with the help of another officer. Klicka's vehicle had no lock damage, and the keys were in it. After considering the evidence from the hearing, the trial court revoked Klicka's probation based on Klicka's "failure to report and pay" and his "new aggravated assault charges," making no findings as to the other allegations in the revocation petition. The revocation order required Klicka to serve three years in confinement, with the balance of his probation suspended.

Klicka filed an application for discretionary review of the revocation, and this Court granted the application to review whether the evidence supported the trial court's ruling. On appeal, Klicka argues that (1) the evidence failed to support the trial court's finding that he committed the new offense of aggravated assault, and (2) the three-year revocation was not supported by Klicka's failure to report and pay the fees under the terms of his probation. We agree.

> A court may not revoke any part of any probated or suspended sentence unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. OCGA § 42-8-34.1 (b).

This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court.[2]

1. At the outset, we note that the only new offense found by the trial court was an aggravated assault offense allegedly committed by Klicka.

> Aggravated assault requires proof of certain aggravating circumstances and an assault. OCGA § 16-5-21. Assault requires showing either that the defendant *attempted to injure* someone, OCGA § 16-5-20 (a) (1), or that *the victim was in reasonable apprehension* of immediately receiving a violent injury. OCGA § 16-5-20 (a) (2).[3]

(a) *Apprehension of receiving an injury.* The sole testimony at the revocation hearing was that of the officer who arrested Klicka based on the stolen vehicle report. That officer testified as to his pursuit and capture of Klicka, but there was no further testimony about or from an alleged victim of an aggravated assault. Even assuming that Klicka's collision with another vehicle while evading the officer was the basis for the aggravated assault charge, there was no evidence as to the occupant's apprehension of receiving an injury or as to his or her conduct showing the same. Thus, there was no evidence supporting an aggravated assault based on an alleged victim's apprehension of injury.[4]

(b) *Attempt to injure.* Likewise, with respect to an attempt to injure,

> the intent to injure necessary to support a conviction[5] . . . cannot be satisfied by a showing of criminal negligence on the part of the appellant. In other words, no matter the degree, a wanton or reckless state of mind cannot be considered the equivalent of the specific intent to injure necessary to sustain this type of aggravated assault.[6]

---

[2] (Punctuation omitted.) *Scott v. State*, 305 Ga. App. 596 (699 SE2d 894) (2010).

[3] (Emphasis supplied.) *Montford v. State*, 254 Ga. App. 524, 525 (1) (564 SE2d 216) (2002).

[4] See id. at 527-528 (1) (b).

[5] We find the rationale of *Montford* persuasive even under the lower burden of proof at a revocation hearing because there was an absence of *any evidence* as to the specific intent required to show aggravated assault.

[6] (Citation omitted.) Id. at 525 (1).

The evidence here did show that Klicka hit another vehicle in his attempt to elude the officer, but absent some evidence in addition to the mere collision, the State failed to prove the intent necessary to show that Klicka collided with the vehicle in an attempt to injure someone for purposes of an aggravated assault offense.[7] Therefore, even under the lower evidentiary burden at the revocation hearing, there was insufficient evidence that Klicka committed an aggravated assault offense in violation of the terms of his probation.[8]

2. With respect to the trial court's findings that Klicka failed to report and pay his probation fees, the probation officer did inform the court that Klicka had failed to report to the probation office.[9] This supported the trial court's finding that Klicka failed to report, and it authorized revocation of his probation on that basis. Nevertheless, OCGA § 42-8-34.1 (c) provides that "upon proof that the defendant has violated any general provision of probation or suspension *other than by commission of a new felony offense*, . . . the court may revoke the balance of probation or *not more than two years* in confinement, whichever is less."[10] Because the trial court's revocation order required Klicka to serve *three years*, we vacate the order and remand for resentencing to a term of confinement no greater than that specified in OCGA § 42-8-34.1 (c).[11]

*Judgment vacated and case remanded for resentencing. Andrews and Boggs, JJ., concur.*

DECIDED APRIL 13, 2012.

*Amanda M. Grantham*, for appellant.

*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.

---

[7] See id. at 527 (1) (a) ("the fact that [the defendant] was speeding, eluding police, and not paying attention does not amount to intent to harm [the alleged assault victim]").

[8] Compare *Little v. State*, 298 Ga. App. 298, 300 (1) (680 SE2d 154) (2009) (holding that evidence was sufficient to support aggravated assault conviction based on victim's testimony "that he apprehended the potential to receive a violent injury from [the defendant's] actions").

[9] Klicka asserts on appeal that the probation officer did not offer sworn testimony, but the hearing transcript shows that the trial court did question the probation officer about the case and the probation officer described his personal involvement and Klicka's failure to report. Klicka failed to object to any testimony without a proper oath; therefore, this argument was waived. See *Belcher v. State*, 173 Ga. App. 509, 510 (1) (326 SE2d 857) (1985) ("appellant's failure to object constituted a waiver of the requirements of an oath").

[10] (Emphasis supplied.) See *Jordan v. State*, 279 Ga. App. 399, 402 (2) (635 SE2d 163) (2006).

[11] See id.