RAY, Judge,
dissenting.
Because I believe that the trial judge did not abuse its discretion in admitting similar transaction evidence of Ashley’s prior conduct around young children, I respectfully dissent to Division 2 of the majority opinion and otherwise would affirm the conviction.
The majority relies upon United States v. Dickerson, 248 F3d 1036, 1047 (IV) (A) (11th Cir. 2001), for the proposition that similar transaction evidence, when offered as proof of intent, must demonstrate that the extrinsic offense “requires the same intent as the charged offense” under the Federal Rules of Evidence. It is telling that both the majority and Ashley’s appellate brief fail to cite to any relevant Georgia law in support of this holding. This is because Georgia’s case law construing our former Evidence Code imposed no such requirement. Federal Rule of Evidence 404 (b), relied upon by Dickerson, and our new Evidence Code apply a more restrictive standard than our former Evidence Code in admitting evidence of similar transactions for the purpose of showing a defendant’s intent.
Under our former Evidence Code, “there [was] no requirement that the independent acts be identical to the crime charged; the proper focus is on the similarity, not the differences, between the separate [acts] and the crime in question.” (Citation and punctuation omitted.) Jones v. State, 316 Ga. App. 442, 446 (2) (a) (729 SE2d 578) (2012). Moreover, when the State introduces prior acts to show a defendant’s intent, “a lesser degree of similarity is required than when such evidence is introduced to prove identity.” (Citation and punctuation omitted.) Kinder v. State, 284 Ga. 148, 151 (3) (663 SE2d 711) (2008). Accord Jones, supra (finding evidence of prior attacks committed by a defendant with little or no provocation was relevant to show his intent in a domestic violence case where he alleged he acted in self-defense); Carver v. Stone, 258 Ga. 385, 385 (369 SE2d 471) (1988) (defendant, a member of the KKK, was charged with making terroristic threats to a person of a different race; trial court *801 did not abuse its discretion in allowing prosecution to present substantial evidence, unrelated to the incident involving the victim, of defendant’s racist statements and beliefs to prove his “intent to terrorize”).
Decided March 30, 2015
Cynthia W. Harrison, for appellant.
Brian K. Fortner, District Attorney, Emily K. Richardson, Assistant District Attorney, for appellee.
Here, the trial court found that the prior acts were logically connected to the current charges: the same trailer park, the same approximate time period, a series of incidents culminating in the crime charged, and all involving inappropriate contact with young children. Ashley’s defense at trial is that he could not form the requisite intent to commit the crimes charged because of his drug use. This was sufficient to raise an issue concerning his state of mind, and it created a possibility that the jury could have concluded that while he committed the charged acts, he did not intend to do so. Intent is, therefore, at issue in this case, and the trial court did not abuse its discretion in allowing evidence that Ashley had a history of demonstrating an inappropriate interest in and behavior around young children as evidence that he did, in fact, intend to commit the crimes charged.
I am authorized to state that Judge Boggs and Judge Branch join in this dissent.