**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 27, 2023**

# In the Court of Appeals of Georgia

A23A1083. HODGE v. THE STATE.

MERCIER, Judge.

Rochelle Lagail Hodge appeals from the trial court's order revoking the balance of her probation. For reasons that follow, we affirm in part, vacate in part, and remand for re-sentencing.

The record shows that Hodge entered a negotiated guilty plea in 2017 to numerous charges, including serious injury by vehicle, hit and run, and driving under the influence of marijuana (less safe). The trial court sentenced her as a first offender to ten years of probation, and it required her to comply with a number of general and special conditions of probation. The first general condition mandated that Hodge "not violate the criminal laws of any governmental unit and be of general good behavior."

In 2019, the State petitioned to modify or revoke Hodge's probation, alleging that she had violated a general condition of probation by failing to inform her probation officer that she had moved. In an October 2019 order, the trial court determined that Hodge had violated her probation as alleged and modified the probation as follows:

> The Defendant shall serve 180 days in a Georgia Department of Corrections Probation Detention Center. The Defendant shall remain in jail pending bed space. Upon completion of said time to serve the Defendant shall return to active supervision and report to the Hinesville DCS Office within 24 hours of release. All conditions originally ordered are hereby continued and/or conditions added herein are done so pursuant to OCGA [§] 42-8-34.1 and are therefore special conditions which authorizes the Court to revoke up to the balance of probation and/or suspension to be served in confinement.

Several months later, in April 2020, the State again petitioned to modify or revoke Hodge's probation, asserting that she had breached "General Condition #8" by violating the rules of the Probation Detention Center. Finding that an infraction had occurred, the trial court ordered that her probation be continued after service of "30 days in Liberty County Jail." Hodge evidently served the sentence and was released. In July 2021, however, she was arrested for driving under the influence of

2

alcohol. The State subsequently filed a third petition to modify or revoke Hodge's probation, alleging that she had violated "Condition #1" of her probation, which, as noted above, required that she "not violate the criminal laws of any governmental unit."

The trial court held a probation revocation hearing, at which the officer who arrested Hodge in July 2021 testified. At the conclusion of the hearing, the State asked that the trial court revoke the balance (almost 6 years) of Hodge's probation, given that "this [was] her third time back through here" and "all conditions [of probation] were made special" in 2019. The trial court agreed, ordering that Hodge serve the remainder of her probationary period (through September 26, 2027) in the State Penal System. We granted Hodge's application for discretionary review, and this appeal followed.

On appeal, Hodge does not challenge the trial court's conclusion that a probation violation occurred. Instead, she claims that the trial court was only authorized to revoke two years of her probation because the violation involved a general condition of probation, rather than a special condition. We agree.

Pursuant to OCGA § 42-8-34.1 (c), "upon proof that the defendant has violated any general provision of probation . . . other than by commission of a new felony

offense,[1] the court . . . may revoke the balance of probation or not more than two years in confinement, whichever is less." This provision "places a two-year limitation on the period of confinement which may be ordered when probation is revoked because of a violation of a general provision of probation." *Jordan v. State*, 279 Ga. App. 399, 402 (2) (635 SE2d 163) (2006). In contrast, if a defendant violates a special condition of probation, the trial court "may require the defendant to serve the balance . . . of the original sentence in confinement." OCGA § 42-8-34.1 (e). A special condition is one that

> (1) Is expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and fees; and

> (2) Is identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement.

OCGA § 42-8-34.1 (a).

The State argues that Hodge violated a special condition of probation when she committed the criminal offense of driving under the influence of alcohol in July 2021.

---

[1] OCGA § 42-8-34.1 (d) addresses revocation when the probation violation constitutes the commission of a felony, a circumstance not at issue here.

4

But the condition cited in the revocation petition was a general condition of her original sentence. And although the State contends that the trial court converted all general conditions of Hodge's probation into special conditions in the October 2019 modification order, the order does not support that conclusion. Under the plain terms of the order, only "added" conditions became "special." Original conditions, such as the general condition at issue here, were merely "continued."[2]

We recognize that during the 2019 probation hearing, the trial court stated orally that "[a]ll conditions will be made special conditions at this time." But that is not what the trial court's subsequent written order provides, and we must give effect to the order as it is written. See *Mondy v Magnolia Advanced Materials*, 303 Ga. 764, 772 (4) (b) (815 SE2d 70) (2018) ("[U]ntil an oral pronouncement is memorialized, the trial judge has broad discretion to amend, alter, or completely change his decision, and any discrepancy between the oral pronouncement and the written ruling will be resolved in favor of the written judgment.").

---

[2] The State alleged in its April 2020 revocation petition that Hodge had violated a "general condition" of probation. Its current position — that ALL conditions became special conditions in October 2019 — is inconsistent with the April 2020 filing.

5

Given the terms of the October 2019 modification order, we are constrained to find that the trial court manifestly abused its discretion in (1) concluding that the violation involved a special condition of probation, and (2) revoking almost six years of Hodge's probation. See *Gray v. State*, 313 Ga. App. 470, 471 (722 SE2d 98) (2011) (probation revocation orders reviewed for manifest abuse of discretion). Because a general condition of probation was violated, OCGA § 42-8-34.1 (c) imposed a two-year limit on the period of confinement that could be ordered upon revocation. See *Gardner v. State*, 259 Ga. App. 375, 379 (1) (577 SE2d 69) (2003) (where requirements for imposing special conditions of probation were not met, condition violated by defendant was a general condition, and "revocation of more than two years of [defendant's] probation was prohibited"). Accordingly, although we affirm the trial court's determination that a probation violation occurred, we vacate Hodge's sentence and remand the case so that the trial court can re-sentence Hodge to a term of confinement no greater than that specified in OCGA § 42-8-34.1 (c). See *Jordan*, 279 Ga. App. at 402 (2); *Gardner*, 259 Ga. App. 379 (1).

*Judgment affirmed in part, vacated in part, and case remanded for re-sentencing. Miller, P. J., and Hodges, J., concur.*