**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 29, 2026

# In the Court of Appeals of Georgia

A25A2176. NOLDEN v. THE STATE.

GOBEIL, Judge.

Kelby Ladrian Nolden appeals from the trial court's order revoking his probation and ordering him to serve the balance of his sentence, approximately eight months, in custody. For the reasons set forth below, we vacate the trial court's order, and remand the case to the trial court for additional proceedings not inconsistent with this opinion.

A trial court may revoke a probated sentence if "the evidence produced at the revocation hearing establishes by a preponderance of the evidence the [probation] violation or violations alleged." OCGA § 42-8-34.1(b). "The trial court exercises its discretion in determining whether the State has met this burden of proof, and we will

not reverse a revocation order absent a manifest abuse of that discretion." *Hunt v. State*, 358 Ga. App. 897, 899 (856 SE2d 467) (2021). "An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." *Glasper v. State*, 364 Ga. App. 608, 610 (876 SE2d 11) (2022).

The record shows that on January 8, 2024, Nolden entered a negotiated guilty plea to one count of family violence battery and one count of cruelty to children in the third degree. The trial court issued a total 24-month sentence, with 3 days to be served in jail and the remainder on probation. The conditions of Nolden's probation required, inter alia, that he not violate the criminal laws of any governmental unit; that he report to his probation officer as directed; that he pay a fine and court costs, as well as a monthly probation supervision fee; that he complete an approved Domestic Violence Intervention Program ("DVIP"); and that he have no violent contact with the victim of his battery, K. G. The probationary conditions imposed by the court did not include a deadline for Nolden to complete the DVIP, but the disposition order indicated that Nolden's probation would terminate when he had completed that program and paid the required fine, costs, and fees.

In April 2025, Nolden's probation officer learned that Nolden had been arrested for murder in connection with the death of K. G. On April 16, 2025, the probation officer filed a probation revocation petition alleging that Nolden had violated his probation by: (1) failing to report to his probation officer as scheduled on seven occasions; (2) failing to pay court costs and probation supervision fees; (3) failing to complete the DVIP; (4) committing the new criminal offense of murder; (5) having violent contact with K. G.; and (6) possessing a firearm and ammunition.[1]

At the probation revocation hearing, Nolden's probation officer testified that Nolden had failed to report on several occasions, had failed to complete the DVIP program, and had been arrested for murder, which she asserted constituted a failure to not violate the criminal laws and a failure to avoid violent contact with K. G. As for the DVIP program, the probation officer testified that the DVIP agency had informed her that Nolden had enrolled and attended some courses, but was terminated from the

---

[1] Nolden's sentence did not expressly prohibit him from possessing a firearm and/or ammunition. However, his probation officer testified that Nolden could not possess a firearm based on the underlying charge of family violence battery, and she testified that "Mr. Nolden knew this, and also signed the firearm notice."

3

program before completion on two occasions, once for financial reasons.[2] The probation officer reported that Nolden had also been carrying a court fees balance, but his family had paid in full the day before the hearing. The State recommended revoking the remaining eight months of Nolden's sentence.

Nolden's counsel admitted that Nolden had not completed the DVIP program, but he had made progress toward its completion. Counsel also admitted that Nolden failed to report on some occasions. However, counsel noted that Nolden denied the underlying criminal charges that resulted in his arrest and objected to having his probation revoked for unproved criminal charges. The trial court accepted the State's recommendation and revoked the balance of Nolden's probation, approximately eight months. This appeal followed after we granted Nolden's application for discretionary appeal. See Case No. A25D0422 (June 24, 2025).

In this case, the trial court did not specify which alleged violations were the basis for revoking Nolden's probation; the order states merely "see petition." As described above, the petition listed six alleged violations by Nolden: (1) failing to report to his probation officer as scheduled on seven occasions; (2) failing to pay court

---

[2] The probation officer testified that she was not given a reason for Nolden's second termination from the program.

costs and probation supervision fees; (3) failing to complete the DVIP; (4) committing the new criminal offense of murder; (5) having violent contact with K. G.; and (6) possessing a firearm and ammunition.

The State concedes that Nolden was not in violation of his probation for allegation 2, as the probation officer testified that Nolden paid his balance the day before the hearing. As for allegations 4, 5, and 6 — having violated criminal laws, having had violent contact with K. G., and having possessed a firearm and ammunition — there was not sufficient evidence to prove these allegations by a preponderance of the evidence. In its brief, the "State concedes that there was no witness testimony concerning the facts of the alleged murder." The only evidence presented to the trial court on these allegations was that Nolden had been arrested in connection with the murder of K. G. And even under the preponderance of evidence standard (governing probation revocation), we have held that the State must put forward evidence of each element of the alleged criminal charges. See *Klicka v. State*, 315 Ga. App. 635, 637–38 (1) (727 SE2d 248) (2012) (because arresting officer did not testify to facts that spoke to the elements of the criminal charges underlying the revocation petition, there was insufficient evidence to support revocation).

That leaves allegations 1 and 3. Concerning allegation 3 — Nolden's failure to complete the DVIP — there is no dispute that Nolden had not completed the program at the time of the hearing. However, because Nolden's sentence did not specify a deadline for him to complete the DVIP, his probation could not be revoked for his failure to complete it given the substantial time remaining in his sentence. See *Marks v. State*, 306 Ga. App. 824, 826–27(2) (703 SE2d 379) (2010) (reversing the revocation of probation for a defendant's failure to complete a DVIP or community service hours because sentence did not include any deadline for completion of these requirements).

Based on these conclusions, that leaves only allegation 1 — Nolden's failure to report. Nolden admitted to having failed to report on more than one occasion. More specifically, counsel conceded that Nolden had missed "some reports" but had also rescheduled some reports due to his work schedule. And the probation officer affirmed that "work" was Nolden's excuse for his missed reports. Further, although the probation officer testified that Nolden missed several reports, she also testified that Nolden contacted her and asked to reschedule these meetings due to his work schedule; it is unclear whether Nolden had missed any reports without first contacting the probation officer or rescheduling. In any event, regardless of whether the State

6

showed that Nolden had failed to report, when failure to report is the violation underlying a misdemeanor probation revocation, the court is authorized to revoke a maximum of 120 days. OCGA § 42-8-102(f)(4)(A). Here, the trial court revoked substantially more than that — 241 days.

In summary, with the potential exception of allegation 1 (failure to report), we find there was insufficient evidence of alleged probation violations to authorize the trial court to revoke Nolden's probation. And the trial court exceeded its authority in revoking more than 120 days based on Nolden's failure to report. Thus we vacate the trial court's order in this case, and remand the case for proceedings not inconsistent with this opinion. See *Hunt v. State*, 327 Ga. App. 692, 693–94 (761 SE2d 99) (2014) (vacating probation revocation order and remanding for re-sentencing where evidence did not support trial court's revocation of defendant's probation for the violation of criminal laws, and its revocation of more than two years exceeded its authority based on the remaining technical violations, which defendant did not challenge).

*Judgment vacated and case remanded with direction. Rickman, P. J., and Davis, J., concur.*